

The following constitutes
the order of the court. Signed February 6, 2018

_____
Charles Novack
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>BRIAN JAY MORGAN AND STACEY SUE MORGAN,<br><br>Debtors. | Case No. 16-43361 CN<br><br>Chapter 13 |
| BRIAN JAY MORGAN AND STACEY SUE MORGAN,<br><br>Plaintiffs,<br><br>vs.<br><br>PREFERRED FINANCIAL GROUP, INC.,<br><br>Defendant. | Adversary No. 17-4084<br><br>**ORDER GRANTING MOTION TO DISMISS FOURTH CLAIM FOR RELIEF** |

On January 8, 2018, this court conducted a hearing on defendant Preferred Financial Group, Inc.'s motion to dismiss this adversary proceeding under Federal Rule of Bankruptcy Procedure 7012(b)(6). All appearances were noted on the record. For the reasons stated on the record, this memorandum decision will only address the adequacy of the plaintiffs' claim for relief under Bankruptcy Code §§ 362(k) and 542.

Under Federal Rule of Bankruptcy Procedure 7012(b)(6), a party may move to dismiss a claim for failure to state a claim upon which relief may be granted. The motion may be based on either a lack of a recognizable legal theory or sufficient facts "alleged under a cognizable legal theory." Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008) (citation

omitted). In ruling on a motion to dismiss, the court must accept as true the well-pled factual allegations of the complaint, and draw all reasonable inferences in the plaintiff's favor. *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir. 1998). Conclusions of law, conclusory allegations, unreasonable and unwarranted inferences or deductions need not, however, be accepted. *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1141 (E.D.Cal. 1999). Instead, the factual allegations in the complaint must state a claim for relief that is factually plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atlantic Corp. v. Twomby, 550 U.S. 544 (2007). Twomby and Iqbal highlight the need to allege sufficient, factual allegations and avoid formulaic recitations of the elements of the claim for relief. A complaint must allege facts which will establish a plausible, not a possible claim for relief. A complaint alleges facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twomby*, 550 U.S. at 557. Bare assertions that "do nothing more that state a legal conclusion-even if that conclusion is cast in the form of a factual allegation" are discounted. Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Determining whether a complaint states a plausible claim is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. In sum, "to pass the *Iqbal* standard, a complaint must add some meat to the bones and provide some factual context for the Court to infer that the plaintiff has a plausible claim for relief." *FIA Card Services, N.A. v. Karagianis (In re Karagianis)*, 2009 WL 4738188 at *2 (Bankr.D.N.H. Dec. 4, 2009).

The allegations supporting the fourth claim for relief can be summarized as follows: plaintiffs Brian and Stacey Morgan's claims against defendant Preferred Financial Group, Inc. ("Preferred") arise from the post-petition (and post confirmation) sale of their Livermore residence and the amount of Preferred's escrow demand. When the Morgans filed their Chapter 13 case on December 7, 2016, they owned their residence located at 1116 Napa Court in Livermore, California (the "Napa Court property"). Preferred held the note secured by the second deed of trust against the Napa Court property. The Morgans proposed to sell the Napa Court property to fund their Fourth Amended Chapter 13 plan (the "Plan"). The Plan - which was confirmed on March 17, 2017 - states (in pertinent part) in § 1.01(b) that in addition to making nine monthly payments, the "Debtors shall pay

to the Chapter 13 Trustee 100% of the non-exempt sale proceeds resulting from the sale of Debtors' residence at 1116 Napa Court, Livermore, CA 94551, which sale shall be completed by September 2017. . . . The Arrears on debts secured by the lot shall be paid through check exchange with the Trustee upon close of escrow. Trustee shall make a single disbursement to the secondary lien holder, Preferred Financial, in the amount of $111,060.71, upon completing the sale of Debtors' residence. As of March 1, 2017, the Trustee will . . . disburse to Preferred Financial the post-petition mortgage payment of $683.93 per month through the Chapter 13 Plan payment until the sale of the home." The Plan reiterated Preferred's treatment in § 2.05 of the Plan. There, the Plan stated that Preferred's "Loan Matures June 1, 2017. The full amount owed will be $111,060.71." Finally, under § 4.01 of the Plan, all of the property of the estate revested in the Morgans upon plan confirmation.

Preferred Financial filed a $107,793.85 secured proof of claim after this court confirmed the Plan. Section 2.02 of the Plan expressly provides that "The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's order on a claim objection, valuation motion, lien avoidance motion, or adversary proceeding judgment affects the amount of classification of a claim."

The Morgans timely sold the Napa Court property, and escrow closed in June 2017. In the interim, the Chapter 13 Trustee made the $683.93 monthly Plan payments to Preferred, which represented Preferred's regular monthly note payments.[1] These monthly Plan payments reduced Preferred's proof of claim to $105,742.06 as of the close of escrow.

Preferred, however, submitted a $130,213.77 demand into the Napa Court property escrow. The Morgans allege that this demand included excessive and unauthorized attorney's fees and costs of $24,471.71, part of which represented post-petition attorneys fees and costs. The Morgans allege that they first learned of Preferred's demand when they reviewed the escrow documents. Despite their objection to these fees and costs, the Morgans approved their payment to ensure that the sale would timely close. Upon the close of escrow, the Chapter 13 Trustee, via a check exchange,

---

[1] Under the terms of the Preferred promissory note, this amount reflected both interest and principal "based on a 30 year fully amortized schedule of payments."

3

disbursed $105,742.06 to Preferred, and the escrow company directly distributed to Preferred another $24,471.71 in sales proceeds.

The Morgans assert that Preferred was bound by the Plan's terms, and therefore was only entitled to receive $105,742.06 from escrow, which payment fully satisfied its note and deed of trust. The Morgans allege that the escrow company's direct payment to Preferred violated the automatic stay under Bankruptcy Code § 362(a)(3) and that they are therefore entitled to damages and attorneys fees under Bankruptcy Code § 362(k). The Morgans also seek turnover of the $24,471.71 from Preferred under Bankruptcy Code § 542.

**The Automatic Stay Claim For Relief**

Bankruptcy Code § 362(a)(3) states that a creditor may not take "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The critical question, therefore, is whether the sales proceeds paid by the escrow company to Preferred were property of the Morgans' Chapter 13 bankruptcy estate. The answer to that question is an unambiguous "no." Bankruptcy Code § 1327(b) states that "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all property of the estate in the debtor." The Plan expressly revested all of the estate property (which included the Napa Court property) in the Morgans upon confirmation. While the Plan also stated that the Morgans intended to use the Napa Court property's sales proceeds to fund the Plan, this language was insufficient to prevent the revesting. *See*, *e.g.*, *In re Thiel*, 2015 Bankr. LEXIS 1678 (Bankr. D. Idaho 2015); *In re Clark*, 2015 Bankr. LEXIS 3564 (Bankr. E.D. Cal. 2015). Preferred's motion to dismiss the Morgans' § 362(k) claim is therefore granted.

**The § 542 Turnover Claim For Relief**

For the same reason, this court grants Preferred's motion to dismiss the turnover claim for relief. Bankruptcy Code § 542(b) provides in pertinent part that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee . . . . Whatever Preferred owes to the Morgans is not property of the estate under any theory known to this court. *See In re Jones*, 657 F.3d 923 (9th Cir. 2011).

4

ORDER
Case: 17-04084    Doc# 17    Filed: 02/06/18    Entered: 02/06/18 13:29:32    Page 4 of 6

**Conclusion**

The Morgans' § 362(k) claim for relief is dismissed with leave to amend. This will allow the Morgans to determine whether another § 362(a) subsection may serve as a predicate for a § 362(k) claim for relief. The Morgans' § 542 claim for relief is dismissed with prejudice. Given this court's pending analysis of the Morgans' F.R.B.P. 3002.1 claims, the court will set a deadline for filing an amended complaint in a separate order.

**\*\*\* END OF ORDER \*\*\***

**COURT SERVICE LIST**

Recipients are ECF participants.